IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HELEODORO C., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-3520-E-BK |
| | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff seeks judicial review of the Commissioner's final decision denying his claim for disability insurance benefits under the Social Security Act (the "Act"). He seeks benefits retroactive to his onset date of October 13, 2017. Doc. 18-1 at 14. This case has been referred to the undersigned magistrate judge for pretrial management. *See* Doc. 5; 28 U.S.C. § 636(b). The Court now considers *Plaintiff's Motion for Summary Judgment*, Doc. 21, and Defendant's response, construed as a cross-motion for summary judgment, Doc. 22.[1] Upon review, Plaintiff's motion should be **GRANTED**, Defendant's cross-motion should be **DENIED**, the administrative decision should be **REVERSED,** and this case should be **REMANDED** for further proceedings.

**I.     BACKGROUND**

**A.  Factual History**

Plaintiff was 56 years old on his disability onset date and has a seventh-grade education. Doc. 18-1 at 46. He had past relevant employment history as a construction worker. Doc. 18-1 at 50. In terms of his relevant medical history, Plaintiff visited numerous medical professionals for various health issues beginning in May 2017. *See, e.g.*, Doc. 18-1 at

293 (Parkland Hospital Health System Encounter Form); Doc. 18-1 at 515 (Mi Clinica Familiar Encounter Form).

Throughout this time, Plaintiff's primary care physician was Dr. Banafsheh Moshiree-Thomas, M.D., who is employed at Parkland Hospital. *See, e.g*., Doc. 18-1 at 505-508, 520. Plaintiff visited Dr. Moshiree-Thomas for the first time in September 2018. Doc. 18-1 at 334-335 (Medical Release/Physician's Statement). At that visit, Dr. Moshiree-Thomas completed a Physician Statement reporting Plaintiff was able to work 20 hours per week and could not lift or carry more than ten pounds for two hours per day due to his heart disease and hypertension. Doc. 18-1 at 334-35. In September 2018, following an office visit, Dr. Moshiree-Thomas referred Plaintiff to the hospital's cardiac clinic for testing and to reestablish cardiac care. Doc. 18-1 at 348, 356, 371.

In October 2018, following a virtual appointment, Dr. Moshiree-Thomas completed another Physician Statement opining that Plaintiff was able to sit for two hours and stand for two hours during an eight-hour workday, and could lift or carry ten pounds for one hour. Doc. 18-1 at 336-337, 430-431. In November 2018, Dr. Moshiree-Thomas referred Plaintiff to the hospital cardiology clinic for further testing and assessment of his coronary artery disease. Doc. 18-1 at 340, 347, 424. The final Physician Statement of Dr. Moshiree-Thomas in the record is dated January 22, 2020, in which he opined Plaintiff could sit for two hours, stand for two hours, and keyboard for two hours during an eight-hour workday, but could not lift or carry more than 20 pounds for longer than two hours. Doc. 18-1 at 623-24.

## B. The Administrative Law Judge's ("ALJ") Findings

The ALJ found Plaintiff had the severe impairment of coronary artery disease but that the impairment did not meet or equal a Listing. Doc. 18-1 at 17-18. The ALJ also found that

Plaintiff still had the residual functional capacity ("RFC") to perform medium-level work with a variety of exertional limitations. Doc. 18-1 at 18-24. The ALJ "considered the administrative findings of fact made by the State agency medical consultants," which she found to be persuasive and "consistent with the evidence as a whole." Doc. 18-1 at 23. However, the ALJ concluded that Dr. Moshiree-Thomas's opinions were not persuasive because "there are no objective findings provided or references to longitudinal treatment records to support the limitations assessed" and "the assessments made are vague, with no specific assessments made addressing the claimant's actual physical functional ability." Doc. 18-1 at 23.

## II.   APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for at least 12 months. 42 U.S.C. § 432(d)(1)(A). The Commissioner uses a sequential five-step inquiry to determine whether a claimant is disabled: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing his past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and RFC must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curiam) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b)-(f)).

3

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or not disabled. *Id.* Otherwise, the burden shifts to the Commissioner at step five to show there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

Judicial review of a denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Id.*; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. The reviewing court does not reweigh the evidence or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

In considering the parties' summary judgment arguments, the Court has relied upon their citations to the supporting evidence of record. The Court is not under an obligation to probe the record to find supporting evidence for one side or the other. *See* FED. R. CIV. P. 56 (providing parties moving for summary judgment must support their positions by "citing to particular parts of materials in the record"); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (clarifying the courts are under no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment") (quotation omitted)).

###     III.    ANALYSIS

The parties disagree as to two issues, but this case may be readily disposed of without reaching the second.  In short, Plaintiff asserts the ALJ erred by failing to follow the regulatory requirements for evaluating medical evidence, Doc. 21 at 5, which Defendant denies, Doc. 22 at 1.  Plaintiff further contends this error was not harmless because, if the ALJ had followed the regulatory requirements, she might have reached a different conclusion.  Doc. 21 at 19-21.

**A.  The ALJ erred in finding Dr. Moshiree-Thomas's medial opinion unpersuasive.**

Plaintiff argues the ALJ failed to comply with the requirements of 20 C.F.R. § 404.1520c by not explaining the "consistency" factor in in addressing the persuasiveness of Dr. Moshiree-Thomas's medical opinion.  Doc. 21 at 15-16.  But Defendant avers the ALJ is not required to explicitly reference the term "consistency" to fulfill the regulatory requirements.  Doc. 22 at 5 (citing *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) (rejecting rigid rules of articulation)).

Because Plaintiff filed for benefits "on or after March 27, 2017," the ALJ was required to apply the new regulations.  Doc. 18-1 at 14; 20 C.F.R. §§ 404.1520c, 416.920c.  Under the new regulations, ALJs are no longer required to give controlling weight to treating physicians' opinions.  *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-CV-166-HSO-RPM, 2021 WL 3708047, at *4 (S.D. Miss. Aug. 11, 2021) (quotation omitted).  Instead, ALJs must consider the persuasiveness of medical opinions from different medical sources.  *See* 20 C.F.R. § 404.1520c(a).  In arriving at her decision, the ALJ must determine the persuasiveness of each medical source's medical opinions and findings.  *Id.* § 404.1520c(a), (b).  Five factors bear on persuasiveness: (1) supportability; (2) consistency; (3) the relationship with the claimant; (4) specialization; and (5) other factors that "tend to support or contradict the opinion." *Id.* § 404.1520c(c)(5).  There is no specific manner in which the ALJ must articulate her

5

determination, she must at *least* "explain how [she] considered the supportability and consistency factors." *Guy v. Comm'r of Soc. Sec.*, No. 4:20-cv-1122-O-BP, 2022 WL 1008039, at *3 (N.D. Tex. Mar. 14, 2022) (Ray, J.) (quoting 20 C.F.R. § 404.1520c(b)(2)), *adopted by* 2022 WL 1004241 (Apr. 4, 2022) (O'Connor, J.).

> The ALJ's states:
>
> Dr. Moshiree-Thomas has provided several, somewhat inconsistent medical statements . . . . The assessments are not found persuasive. First, there are no objective findings provided or references to longitudinal treatment records to support the limitations assessed. Furthermore, the assessments made are vague, with no specific assessments made addressing the claimant's actual physical functional ability.

Doc. 18-1 at 23. Plaintiff avers the ALJ analyzes the supportability factor of the regulation but not the consistency factor. Doc. 21 at 15. The two factors "involve different analyses and require the ALJ to explain [her] reasoning for [her] persuasiveness finding with respect to each factor." *Kilby v. Kijakazi*, No. 4:20-cv-03035, 2022 WL 1797043, at *3 (S.D. Tex. Mar. 15, 2022). While "supportability" measures the degree of relatedness between a medical provider's opinion and the medical evidence *she provides to support* that opinion, "consistency" is "an all-encompassing inquiry" which focuses on "how well a medical source is supported, or not supported, *by the entire record.*" *See id.* (quoting *Vellone v. Saul*, No. 1:20-cv-00261, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021)) (emphasis in original). Thus, by explaining that Dr. Moshiree-Thomas's medical opinions were not supported by the record evidence, the ALJ analyzed supportability—not consistency. *See Hubbard v. Comm'r of Soc. Sec.*, No. 4:20-cv-00588-BP, 2022 WL 196297, at *4 (N.D. Tex. Jan. 21, 2022) (Ray, J.) ("The ALJ sufficiently explained 'consistency' when he stated Dr. Wilkerson's opinion is 'extreme when compared to the balance of the medical evidence of record.'"); *see also Shugart v. Kijakazi*, No. 3:21-cv-00007, 2022 WL 912777, at *4 (S.D. Tex. Mar. 29, 2022) (finding no meaningful discussion of

6

consistency when "the ALJ simply claim[ed] that the evidence [was] insufficient"). Although an ALJ's determination need not explicitly invoke "consistency" as a "magic word," she must show she considered it for each medical source's opinions.

Relatedly, contrary to Defendant's contention that the ALJ's explicit statement "that [she] considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1520c" fulfilled those requirements, Doc. 22 at 3-4, such statement is insufficient. Rather,

> [t]he measuring stick for an 'adequate discussion' is whether the ALJ's persuasiveness explanation enables the court to undertake a meaningful review of whether [her] finding with regard to the particular medical opinion was supported by substantial evidence and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof.

*Cooley v. Comm'r of Soc. Sec.*, No. 2:20-CV-46-RPM, 2021 WL 4221620, at *6 (S.D. Miss. Sept. 15, 2021) (internal citations omitted) (collecting cases). "If an ALJ does not comport with regulatory requirements by properly explaining [her] analysis, 'the court is powerless to affirm the administrative decision by substituting what it considers to be a more adequate or proper basis.'" *Guy*, 2022 WL 1008039, at *4 (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). To that end, "even if the Court can intuit the ALJ's reasons for discrediting [Dr. Moshiree-Thomas's] opinion, it must remand the case so the ALJ can make explicit that which is currently implicit in [her] findings." *Id.* at *5 (citation omitted).

## B. The ALJ's error was not harmless.

Plaintiff argues remand is appropriate here because the ALJ's failure to explain consistency renders the Court "unable to perform its function of review without speculating or making findings for the ALJ." Doc. 21 at 20. Plaintiff argues further that "[h]ad the ALJ conducted a proper evaluation of Dr. [Moshiree-]Thomas's medical opinions it might have led

7

[her] to a more limited RFC," and a finding of "disabled" for Plaintiff. Doc. 21 at 20-21. Defendant's response does not address harmless error. See Doc. 22.

The court only vacates an ALJ's decision if the plaintiff's rights are substantially affected. *Jones v. Astrue*, 691 F.3d 730, 733-34 (5th Cir. 2012). Here, the Court finds the ALJ's legal error was not harmless given the nature of the legal standards from which the ALJ deviated. Denial of a mandatory procedural protection is not harmless error. *William T. v. Comm'r of Soc. Sec.*, No. 6:18-CV-0055-BU, 2020 WL 6946517, at *6 (N.D. Tex. Nov. 25, 2020) (Parker, J.). Section 404.1520c exists in part "to ensure substantial evidence supports the ALJ's decision." *Guy*, 2022 WL 1008039, at *6. To that end, "[u]nless a reviewing court understands why an ALJ discredited a treating physician's opinion, the court can never know with certainty whether substantial evidence supports the ALJ's conclusion." *Id.* The ALJ committed harmful legal error when she deviated from applicable legal standards by disregarding Dr. Moshiree-Thomas's medical opinion without furnishing the persuasiveness finding section 404.1520c requires. For these reasons, remand is necessary.

### IV.   CONCLUSION

For the foregoing reasons, *Plaintiff's Motion for Summary Judgment*, Doc. 21, should be **GRANTED**, Defendant's response, construed as a cross-motion for summary judgment, Doc. 22, should be **DENIED**, the administrative decision should be **REVERSED,** and this case should be **REMANDED** for further proceedings.

**SO RECOMMENDED** on July 20, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).